On Application for Rehearing

PER CURIAM.
On application for rehearing, Lam Luong argues that this Court failed to resolve all the issues in our opinion on remand from the Alabama Supreme Court. Luong v. State, 199 So.3d 173 (Ala.Crim.App.2015). Specifically, he argues that in our original opinion issued on February 15, 2013, and modified on rehearing on June 7, 2013, (“Luong I”), we addressed two claims and found error; however, he says, we failed to address those errors in our opinion on remand from the Supreme Court. Those claims are: (1) That the circuit court erred in failing to ensure that the record was supplemented with a copy of that portion of the voir dire examination that occurred when the circuit court instructed the jurors to fill out the juror questionnaires; and (2) that the circuit court erred in not ensuring that the interpreter hired to assist'Luong was certified or registered in Alabama as an interpreter.[1]
In Luong I we reversed Luong’s conviction and cautioned the circuit court that upon retrial the instructions to the prospective jurors before they completed the *233 juror questionnaires were part of the voir dire examination and should be included in the certified record on appeal. We also cautioned the circuit court to follow the guidelines that were adopted effective October 2008 by the Alabama Administrative Office of Courts when appointing any interpreter in any future proceeding. However, this Court did not find in Luong I that either of the aboverdted claims constituted reversible error, and the Supreme Court did not address either claim in its opinion reversing this Court’s judgment. Luong v. State, 199 So.3d 139 (Ala.2014) (“Luong II”), We have again reviewed those issues and find no reversible error.
Next, Luong argues on application for rehearing that this Court in its opinion on remand from the Supreme Court did not specifically address the following claims that were raised in his original brief on direct appeal to this Court: (1) That the circuit court erred in denying his request for an ex parte determination on his motion seeking expenses to investigate evidence in mitigation; (2) that error occurred in the admission of inaccurate and unreliable transcripts of the audio and video recordings of his statements to police; and (3) that the voir dire examination of the prospective jurors was “constitutionally inadequate.” (Luong’s rehearing brief, at p. 27.)
The Alabama Supreme Court specifically found that the circuit court did not “exceed the scope of its discretion” in denying Luong’s motion for funds to investigate mitigation evidence. Luong II, 199 So.3d at 157. Implicit in the Supreme Court’s ruling is that the circuit court’s method of handling that issue did not constitute reversible error. Section 12-3-16, Ala.Code 1975, specifically states that this Court is bound by the decisions of the Alabama Supreme Court and is without authority to modify or amend any aspect of a decision of that Court.
Second, in Luong I we specifically found no error in the admission of Luong’s statements to police. Any conceivable error in the alleged “inaccurate and incomplete” transcripts of the audio and video recordings of Luong’s statements was harmless beyond a reasonable doubt. See Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).
Third, implicit in the Supreme Court’s holding in Luong II that the circuit court committed no error in not allowing individual voir dire of the prospective jurors was the conclusion that the voir dire examination that had been conducted was not deficient. Again, this Court has no authority to modify the Supreme Court’s holding.
..For the foregoing reasons, this Court overrules Luong’s application for rehearing.
APPLICATION FOR REHEARING OVERRULED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur; WINDOM, P.J., recuses herself.